FILED

2017 APR -3 PM 1:47

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

3:17-cv-370-J-25MCR

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:

AARON MICHAEL GORDON,

    Plaintiff,

v.

XTREME WINGS I, LLC, a Florida limited liability
company, ROBERT R. GROUP, an individual; and
KULLEN T. SOURDIFF, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, AARON MICHAEL GORDON, ("GORDON"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, XTREME WINGS I, LLC, a Florida limited liability company, (hereinafter "XTREME"), ROBERT R. GROUP, an individual, (hereinafter "GROUP"); and KULLEN T. SOURDIFF, an individual, (hereinafter "SOURDIFF"), and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq*, (hereinafter "FLSA").

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, XTREME was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the

corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendant, XTREME operated a restaurant. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida

   and,

   b. Defendants were a corporations and individuals doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, GORDON was and continues to be a resident of Atlantic Beach, Duval County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, XTREME was conducting business in Jacksonville, Duval County, Florida,

10. At all times material hereto, Defendants, XTREME, GROUP and SOURDIFF were employers of Plaintiff, GORDON.

11. At all times material hereto, Defendants was and continues to be an "employer[s]" within the meaning of the FLSA.

12. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, GORDON his lawfully earned wages in conformance with the FLSA.

13. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, XTREME was an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, GORDON was directly essential to the business performed by Defendants.

16. Defendants, GROUP and SOURDIFF were supervisors and/or manager/owners who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

17. Defendants, GROUP and SOURDIFF were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, GORDON.

18. Plaintiff, GORDON has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

### STATEMENT OF FACTS

19. In or about March 2013, Plaintiff, GORDON was employed by the Defendants as a cook at the Defendants' restaurant. His employment terminated on about January 25, 2017.

20. During Plaintiff, GORDON's employment he was paid an hourly rate of $8.50 per hour, which was increased to $9.75 per hour

21. Defendants knowingly, willfully and maliciously operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

22. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

### STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

23. Plaintiff, GORDON repeats and realleges Paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff, GORDON's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

25. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours. Plaintiff, GORDON was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

26. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, GORDON intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

27. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, GORDON at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

28. Defendants failed to properly disclose or apprise Plaintiff, GORDON of his rights under the FLSA.

29. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, GORDON is entitled to liquidated damages pursuant to the FLSA.

30. Due to the willful and unlawful actions of the Defendants, Plaintiff, GORDON has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

31. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, GORDON respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: March 30, 2017.

        Respectfully submitted,

        BOBER & BOBER, P.A.
        Attorneys for Plaintiff
        1930 Tyler Street
        Hollywood, FL 33020
        Phone: (954) 922-2298
        Fax: (954) 922-5455
        peter@boberlaw.com
        samara@boberlaw.com

        By: s/. Peter Bober
          PETER BOBER
          FBN: 0122955
          SAMARA BOBER
          FBN: 0156248